UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In Re:                                         CHAPTER 13

Maria Gladys Montoya,              CASE NO. 14-30832-LMI

        Debtor(s).

_____/

## MOTION FOR RELIEF FROM AUTOMATIC STAY

      **COMES NOW**, the Movant, The Four Ambassadors Association, Inc. (hereinafter referred to as the "Movant" or "Four Ambassadors"), by and through the undersigned attorney, and hereby files this motion for relief from automatic stay, and states as follows:

      1. The Movant, The Four Ambassadors Association, Inc., is a secured creditor holding a secured interest in the real property located at 801 Brickell Bay Drive, Unit 761, Miami, Florida 33131, more fully described as follows:

> UNIT 761, THE FOUR AMBASSADORS, A CONDOMINIUM, ACCORDING TO THE DECLARATION OF CONDOMINIUM THEREOF RECORDED IN THE OFFICIAL RECORDS BOOK 11121, PAGE 1614, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA AS AMENDED, TOGETHER WITH AN UNDIVIDED INTEREST IN THE COMMON ELEMENTS APPURTENANT THERETO.

      2.     The Movant is secured by way of the Declaration of Condominium creating a lien for maintenance fees on all units of the condominium. Movant is a condominium association owed maintenance fees and special assessments totaling $20,210.02 as of the date of this bankruptcy filing in addition to further interest, attorney fees and costs. The amount of the maintenance fees due on the first of each month totals $739.00. The maintenance fees for this

1

unit have not been brought current for over seven (7) years and as of the date of the filing of this Motion the amount is now over $28,285.02. A copy of the page of the Declaration of Condominium creating a lien on every unit at the condominium for unpaid maintenance is attached hereto as Exhibit 1.

    3.    The value of the Property is $88,288.00. This valuation is based on Debtor's Schedule A, which was filed with Debtor's Summary of Schedules [ECF #17].

    4.    The post-petition payment address is: The Four Ambassadors Association, Inc., c/o Law Offices of Richard R. Robles, P.A., 905 Brickell Bay Drive, Suite 228, Miami, Florida 33131.

    5.    Movant is entitled to relief from automatic stay under §362(d)(1) and/or §362(d)(2) for this/these reason(s):

    (a)  For cause, including Debtor's failure to provide adequate protection for the lien held by secured creditor due to his/her failure to make periodic payments to Movant prior to the filing of the instant petition, to wit, since September 17, 2014 as well as the Debtor's failure to make periodic payments to Movant since the instant bankruptcy was filed. See Affidavit in Support of Motion for Relief from the Automatic Stay attached hereto as Exhibit 2. Movant's security interest in the Property is being significantly jeopardized by the Debtor's failure to make said payments while Movant is prohibited from pursuing lawful remedies to protect such security interest.

    (b)  There is no equity in the Property. The value of the Property is $88,288.00 according to Debtor's Schedule A, which was filed with Debtor's Summary of Schedules. The first position mortgage in favor of NationStar Mortgage according to the Debtor's Schedule D is in the amount of $266,415.27, and Debtor lists the secured debt owed to the Four Ambassadors

as $27,532.91. The total amount of secured debt on the property according to Debtor's schedules is $293,948.18. Therefore, there is no equity in the property.

(c) The Debtor's plan provides no payment for the Movant's secured claim. As a result, the Movant's interest in the property is not being protected through future payments on its debt. The surrender of the Movant's collateral constitutes sufficient cause under 11 U.S.C. §362 for the Court to grant the relief sought by Movant.

6. The Indebtedness Worksheet is attached hereto as Exhibit 3.

7. Movant further requests that the Court Order entered pursuant to the instant Motion provide that all communications sent by Movant in connection with proceeding against the property, including, but not limited to, notices required by state law may be sent directly to the Debtor.

8. Movant has incurred attorneys' fees of $1,500.00 and costs in the amount of $176.00 as a result of the necessity of filing this Motion. Movant's attorneys' fees and costs are recoverable as part of the debt pursuant to the Declaration of Condominium.

9. Movant hereby requests that in a hearing be held within thirty (30) days.

10. Movant respectfully requests that the Court waive the fourteen (14) day stay of the Order Granting Relief pursuant to Bankruptcy Rule 4001(a)(3), so that Movant can pursue its *in rem* remedies without further delay.

**WHEREFORE**, Movant, The Four Ambassadors Association, Inc., respectfully request that the automatic stay be lifted so that Movant may be permitted to protect its security interest in Debtor's property outside of the bankruptcy forum, that Movant's attorneys' fees and costs incurred in filing this Motion be recoverable as part of the debt pursuant to the Declaration of

Condominium under the remedies available therein but shall not be a personal liability of the Debtor, and for such other and further relief as the Court may deem just and proper.

### ATTORNEY CERTIFICATION

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

Respectfully Submitted,

Law Offices of Richard R. Robles, P.A.
905 Brickell Bay Drive
Four Ambassadors
Tower II, Mezzanine, Suite 228
Miami, Florida 33131
(305) 755-9200

/s/ Richard R. Robles, Esquire
RICHARD R. ROBLES, ESQUIRE
Florida Bar No. 0088481

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Motion for Relief from Automatic Stay was served electronically or by U.S. mail, first class postage prepaid, on this 25th day of August, 2015 to:

Nancy N. Herkert, Trustee
P.O. Box 279806
Miramar, Florida 33027

Nadja A. Prias, Esquire
Casais & Prias, LLC
200 S. Biscayne Blvd., Suite 3150
Miami, Florida 33131

Office of the U.S. Trustee
51 S.W. 1st Avenue, Suite 1204
Miami, Florida 33130

                                          /s/ Richard R. Robles, Esquire
                                          RICHARD R. ROBLES, ESQUIRE

OFF REC 11121 PG 1634

of and reserves for the operation, maintenance, repair and replacement of the Common Elements, costs of carrying out the powers and duties of the Association and any other expenses designated as Common Expenses by the Act, this Declaration, the Articles or By-Laws of the Association, applicable rules and regulations or the Association. Working capital contributions may be used to reimburse the Developer for start-up expenses and otherwise as the Board shall determine from time to time and need not be restricted or accumulated. Any Budget adopted shall be subject to change to cover actual expenses at any time. Any such change shall be adopted consistently with the provisions of the By-Laws.

12. Collection of Assessments.

12.1 Liability for Assessments. Regardless of how he acquired title to his Unit, every Unit Owner (including a purchaser at a judicial sale) shall be liable for all Assessments coming due while he is the Unit Owner. In a voluntary conveyance, the grantee shall be jointly and severally liable with the grantor for all unpaid Assessments against the grantor for his share of the Common Expenses up to the time of the conveyance, without prejudice to any right the grantee may have to recover from the grantor the amounts paid by the grantee. The liability for Assessments may not be avoided by waiver of the use or enjoyment of any Common Elements or by the abandonment of the Unit for which the Assessments are made or otherwise.

12.2 Default in Payment of Assessments for Common Expenses. Assessments and installments thereof not paid within ten (10) days from the date when they are due shall bear interest at the highest lawful rate from the due date until paid. The Association has a lien on each Condominium Parcel for any unpaid Assessments on such Parcel (including interest thereon) and for reasonable attorney's fees and costs incurred by the Association incident to the collection of the Assessment or enforcement of the lien. The lien is effective from and after the time a claim of lien is recorded in the Public Records of the County, stating the description of the Condominium Parcel, the name of the record Owner, the amount due and the due dates. The lien is in effect until all sums secured by it have been fully paid or until barred by law. A claim of lien shall be signed and acknowledged by an officer or agent of the Association. Upon payment, the person making the payment is entitled to a satisfaction of the lien. The Association may bring an action in its name to foreclose a lien for unpaid Assessments in the manner a mortgage of real property is foreclosed and may also bring an action at law to recover a money judgment for the unpaid Assessments without waiving any claim of lien.

12.3 Notice of Intention to Foreclose Lien. No foreclosure judgment may be entered until at least thirty (30) days after the Association gives written notice to the Unit Owner of its intention to



Case 14-30832-LMI    Doc 82    Filed 08/26/15    Page 7 of 11

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION
www.flsb.uscourts.gov

In Re:                                             CHAPTER 13

Maria Gladys Montoya,                              CASE NO. 14-30832-LMI

       Debtor(s).

_____/

## AFFIDAVIT OF IN SUPPORT OF
## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

STATE OF FLORIDA

COUNTY OF MIAMI-DADE

    BEFORE ME this day personally appeared, ROBERT J. ALWINE, for Creditor, FOUR AMBASSADORS ASSOCIATION, INC., who upon oath, deposes on personal knowledge and says:

    1.    This affidavit is submitted in support of the Motion for Relief from Stay filed in this action by Movant, Four Ambassadors Association, Inc., a secured creditor in the above-styled bankruptcy proceeding.

    2.    I, Robert J. Alwine, am the manager for FOUR AMBASSADORS ASSOCIATION, INC. I am familiar with the books of account and have examined all books, records, and documents kept by FOUR AMBASSADORS ASSOCIATION, INC., concerning the allegations embodied in the Motion for Relief From Automatic Stay. All of these books, records, and documents are kept by FOUR AMBASSADORS ASSOCIATION, INC., in the regular course of business and are made at or near the time by, and from information transmitted by, persons with personal knowledge of the facts such as your affiant. It is the regular practice of FOUR AMBASSADORS ASSOCIATION, INC., to make and keep these books, records, and documents. The books, records, and documents which Affiant has examined are in the custody, supervision and control of Affiant, and are complete, accurate, and correct. A statement of the account is attached hereto as Exhibit "A."

    3.    The full amount of money owed as of August 25, 2015, is listed as follows:

1



EXHIBIT 2

|   |   |   |   |
|---|---|---|---|
| a. | Sums due for maintenance, special assessments, interest and late fees | $ | 28,285.02 |
| b. | Returned Checks | $ |   |
| c. | Returned Check Fees | $ |   |
| d. | Attorneys' Fees | $ | 1,500.00 |
| e. | Collection Letter | $ |   |
|   | Total | $ | 29,785.02 |

4. I have personal knowledge of the facts contained in this Affidavit. Specifically, I have personal knowledge of the facts regarding the sums of money which are due and owning pursuant to the maintenance and special assessments which are the subject matter of this action.

5. The exhibits attached to the Motion are true and accurate copies.

6. I declare under penalty of perjury that to the best of my knowledge, the foregoing facts are true and correct based on my personal knowledge of Movant's books and business records.

**FURTHER AFFIANT SAYETH NOT.**

Robert J. Alwine, Manager and Agent
Four Ambassadors Association, Inc.

The foregoing instrument was sworn to and subscribed before me this 26 day of August 2015, by Robert J. Alwine, who is personally known to me.

Notary Public, State of FL

My commission expires:_____

MAYRA A. RODRIGUEZ
MY COMMISSION # EE 169362
EXPIRES: March 16, 2016
Bonded Thru Budget Notary Services

2

Unit 761

| | 2006 | 2007 | 2008 | 2009 | 2010 | 2011 | 2012 | 2013 | 2014 | 2015 |
|---|---|---|---|---|---|---|---|---|---|---|
| jan | | 690.00 | 698.00 | 717.00 | 731.00 | 740.00 | 740.00 | 733.00 | 721.00 | 739.00 |
| feb | | 690.00 | 698.00 | 717.00 | 731.00 | 740.00 | 740.00 | 733.00 | 721.00 | 739.00 |
| mar | | 690.00 | 698.00 | 717.00 | 731.00 | 740.00 | 740.00 | 733.00 | 721.00 | 739.00 |
| apr | | 690.00 | 698.00 | 717.00 | 731.00 | 740.00 | 740.00 | 733.00 | 721.00 | 739.00 |
| may | | 690.00 | 698.00 | 717.00 | 731.00 | 740.00 | 740.00 | 733.00 | 721.00 | 739.00 |
| jun | | 690.00 | 698.00 | 717.00 | 731.00 | 740.00 | 740.00 | 733.00 | 721.00 | 739.00 |
| jul | | 690.00 | 698.00 | 717.00 | 731.00 | 740.00 | 740.00 | 733.00 | 721.00 | 739.00 |
| aug | | 690.00 | 698.00 | 717.00 | 731.00 | 740.00 | 740.00 | 733.00 | 721.00 | |
| sep | | 690.00 | 698.00 | 717.00 | 731.00 | 740.00 | 740.00 | 733.00 | 721.00 | |
| oct | | 690.00 | 698.00 | 717.00 | 731.00 | 740.00 | 740.00 | 733.00 | 721.00 | |
| nov | | 690.00 | 698.00 | 717.00 | 731.00 | 740.00 | 740.00 | 733.00 | 721.00 | |
| dec | | 690.00 | 698.00 | 717.00 | 731.00 | 740.00 | 740.00 | 733.00 | 721.00 | |
| spc assessment | | 2,286.00 | 1,129.00 | 599.00 | | | | | | |
| late fees | | 175.00 | 200.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 200.00 |
| returned cks fee | | | | | | | | | 50.00 | |
| certified letter fees | | | 5.32 | | | 5.59 | | 6.11 | | |
| attornye fees | | | | | | | 650.00 | | | |
| work orders | | | | | | | 225.00 | | | |
| credit adj | | (150.00) | | | | | | | | |
| payments | | (6,193.00) | (8,661.00) | | (3,655.00) | (5,911.00) | (8,880.00) | (8,796.00) | (7,931.00) | (5,912.00) |
| | 1,891.00 | 4,398.00 | 1,049.32 | 9,503.00 | 5,417.00 | 3,274.59 | 1,175.00 | 306.11 | 1,071.00 | 200.00 |
| | beg bal | | | | | | | Ending Balance | | 28,285.02 |


EXHIBIT A
tabbies

# INDEBTEDNESS WORKSHEET
## DEBT AS OF THE PETITION DATE

A. Total pre-petition indebtedness of debtor(s) to movant (if movant is not the lender, this refers to the indebtedness owed to the lender) as of petition filing date: $20,210.02

   1. Amount of principal: $20,210.02

   2. Amount of interest: $N/A

   3. Amount of escrow (taxes and insurance): $ N/A

   4. Amount of forced placed insurance expended by movant: $ N/A

   5. Amount of attorneys' fees billed to debtor(s) pre-petition: $ N/A

   6. Amount of pre-petition late fees, if any, billed to debtor(s): $ N/A

   7. Any additional pre-petition fees, charges or amounts charged to debtors/debtors account and not listed above: N/A (if additional space is needed, list the amounts on a separate sheet and attach the sheet as an exhibit to this form; please list the exhibit number here: _____ .)

B. Contractual interest rate: N/A (if interest rate is (or was) adjustable, list the rate(s) and date(s) the rate(s) was/were in effect on a separate sheet and attach the sheet as an exhibit to this form; list the exhibit number here: _____ .)

CG-10 (12/01/09)

EXHIBIT 3

## AMOUNT OF ALLEGED POST-PETITION DEFAULT
(AS OF August 25, 2015)

C. Date last payment was received: <u>No post-petition payment received by creditor.</u>

D. Alleged total number of payments due postpetition from filing of petition through payment due on August 25, 2015: $8,075.00

E. All postpetition payments alleged to be in default:

| Alleged Amount Due Date | Alleged Amount Due | Amount Received | Amount Applied To Principal | Amount Applied To Interest | Amount Applied To Escrow | Late fee Charged (If any) |
|---|---|---|---|---|---|---|
| 8/2015 | $8,075.00 | 0 | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| Totals: $ | $8,075.00 | $ | $ | $ | $ | $ |

F. Amount of movant's attorneys fees billed to debtor for the preparation, and filing and prosecution of this motion: <u>$1,500.00</u>

G. Amount of movant's filing fee for this motion: <u>$176.00</u>

H. Other attorneys' fees billed to debtor post-petition: $ _____

I. Amount of movant's post-petition inspection fees: $

J. Amount of movant's post-petition appraisal broker's price opinion: $ _____

K. Amount of forced placed insurance or insurance provided by the movant post-petition: $ _____

L. Sum held in suspense by movant in connection with this contract, if applicable: $ _____

M. Amount of other post-petition advances or charges, for example taxes, insurance incurred by debtor etc (itemize each charge): $ _____

CG-10( 12/01/0'))